101 F.3d 684
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Karl AHLERS, Plaintiff-Appellant,
v.
John P. KEANE, Superintendent of Sing Sing Correctional
Facility; Charles Griener, Deputy Superintendent of Sing
Sing Correctional Facility; R. Healy, Lieutenant;
Patterson, Lieutenant; and S. Amoia, Sergeant, Defendants-Appellees.
 No. 95-2454.
 United States Court of Appeals, Second Circuit.
 May 22, 1996.
 
 APPEARING FOR APPELLANT:Steven J. Fink, Donovan Leisure Newton & Irvine, New York, New York.
 APPEARING FOR APPELLEE:Valerie Singleton, Assistant Attorney General for the State of New York, New York, New York.
 Before MAHONEY, McLAUGHLIN and CALABRESI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS ORDERED, ADJUDGED AND DECREED that the appeal be and it hereby is DISMISSED AS MOOT.
 
 
 3
 1. Plaintiff-appellant Karl Ahlers appeals from an order entered June 23, 1995 in the United States District Court for the Southern District of New York, Shira A. Scheindlin, Judge, that granted defendants-appellees' motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Ahlers' complaint, which charged that he had been unconstitutionally subjected to "keeplock" status for a period not exceeding approximately ten days in violation of 42 U.S.C. § 1983. See Ahlers v. Keane, No. 94 Civ. 3297(SAS), slip op. (S.D.N.Y. June 20, 1995).
 
 
 4
 2. Ahlers was subjected to prison discipline for having in his cell an immersion heater that overheated and caused a plastic cup to melt. It transpired on administrative appeal that the tape of Ahlers' disciplinary hearing was illegible, and the charges against him were dismissed.
 
 
 5
 3. It is clear that Ahlers' constitutional rights were not violated by his brief subjection to "keeplock" status. See Sandin v. Conner, 115 S.Ct. 2293, 2301-02 (1995). It was asserted at the oral argument of this appeal that Ahlers' inmate pay account had been docked five dollars as a result of his disciplinary conviction, and that despite the administrative reversal, the conviction had not been expunged from his prison record. Ahlers now concedes that these matters have been satisfactorily resolved, and the appeal is dismissed as moot with the consent of both parties.